# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

CHANNING R. KNAPP,                :

    Plaintiff,                :

vs.                               :         CA 21-0394-MU

KILOLO KIJAKAZI,                  :
Acting Commissioner of Social Security,
                                  :
    Defendant.

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Channing R. Knapp brings this action, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security denying his claim for a period of disability and disability insurance benefits. The parties have consented to the exercise of jurisdiction by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c), for all proceedings in this Court. (Docs. 14 & 15 ("In accordance with provisions of 28 U.S.C. §636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States magistrate judge conduct any and all proceedings in this case, . . . order the entry of a final judgment, and conduct all post-judgment proceedings.")). Upon consideration of the administrative record, Plaintiff's brief, the Commissioner's brief, and the oral arguments of the parties on March 29, 2022, the Court concludes that the Commissioner's decision denying benefits should be reversed and remanded for further proceedings not inconsistent with this decision.[1]

---

[1] Any appeal taken from this memorandum opinion and order and judgment shall be made to the Eleventh Circuit Court of Appeals. (*See* Docs.14 & 15 ("An appeal from a (Continued)

## I. Procedural Background

Plaintiff filed an application for disability insurance benefits on October 20, 2017, alleging disability beginning September 21, 2016. (*See* Doc. 10, PageID. 291-94*).* Knapp's claim was initially denied on February 8, 2018 (*see id.,* PageID. 159 & 185-89), and, following Plaintiff's February 15, 2018 request for a hearing before an Administrative Law Judge ("ALJ") (*id.,* PageID. 190-91), two hearings were conducted before an ALJ, the first on May 6, 2019 (*see id.,* PageID. 92-116), and the second on December 10, 2020 (*id.,* PageID. 74-91). The second hearing was conducted following a July 9, 2020 Order of the Appeals Council remanding the case back to the ALJ for consideration of the opinion evidence supplied by Dr. David Phillips. (*See id.,* PageID. 180-81). On January 8, 2021, the ALJ issued a decision finding that the claimant was not disabled and therefore, not entitled to disability insurance benefits. (*Id.,* PageID. 54-66). More specifically, the ALJ determined at the fifth step of the sequential evaluation process that Knapp retains the residual functional capacity to perform those light jobs identified by the vocational expert ("VE") during the administrative hearing (*see id.,* PageID. 59-66; *compare id. with* PageID. 88-89). On the same date as the ALJ's opinion, that is, January 8, 2021, the Plaintiff appealed the ALJ's unfavorable decision to the Appeals Council (*see id.,* PageID. 287-88); the Appeals Council denied Knapp's request for review on July 21, 2021 (*see id.,* PageID. 45-47). Thus, the hearing decision became the final decision of the Commissioner of Social Security.

---

judgment entered by a magistrate judge shall be taken directly to the United States court of appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court.")).

Plaintiff alleges disability due to degenerative disc disease, major joint dysfunction, and obesity. The Administrative Law Judge (ALJ) made the following relevant findings:

> **3.     The claimant has the following severe impairments: degenerative disc disease, major joint dysfunction, and obesity (20 CFR 404.1520(c)).**
>
> .   .   .
>
> **4.     The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR  404.1520(d), 404.1525 and 404.1526), including 1.00 and 12.00.**
>
> .   .   .
>
> **5.     After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b), except that he can stand and walk no more than four hours in an eight-hour workday; occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; never climb ladders, ropes, or scaffolds; never perform overhead reaching; occasionally perform lateral or front reaching; must avoid concentrated exposure to extreme temperatures, wetness, and humidity; and must avoid all exposure to hazards like machinery and unprotected heights.**
>
> .   .   .
>
> **6.     The claimant is unable to perform any past relevant work (20 CFR 404.1565).**
>
> .   .   .
>
> **7.     The claimant was born on October 26, 1973 and was 42 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563).**
>
> **8.     The claimant has a limited education (20 CFR 404.1564).**

> 9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).
>
> 10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569a).
>
> . . .
>
> 11. The claimant has not been under a disability, as defined in the Social Security Act, from September 21, 2016, through the date of this decision (20 CFR 404.1520(g)).

(Doc. 10, PageID. 56, 59, 64, 65 & 66).

## II. Standard of Review and Claims on Appeal

The scope of this Court's review is limited to determining whether the Commissioner of Social Security, through the ALJ, applied the correct legal standards and whether the ALJ's findings are supported by substantial evidence. *Crawford v. Commissioner of Social Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). Findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). "In determining whether substantial evidence exists, we must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).[2] Courts are precluded, however, from

---

[2] This Court's review of the Commissioner's application of legal principles, however, is plenary. *Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

"deciding the facts anew or re-weighing the evidence." *Davison v. Astrue*, 370 Fed. Appx. 995, 996 (11th Cir. Apr. 1, 2010) (per curiam), citing *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). And "[e]ven if the evidence preponderates against the Commissioner's findings, [a court] must affirm if the decision reached is supported by substantial evidence." *Id.*, citing *Crawford v. Commissioner of Social Sec.*, 363 F.3d 1155, 1158-1159 (11th Cir. 2004).

The Commissioner of Social Security employs a five-step sequential evaluation process in determining whether a claimant is disabled under the Social Security Act. This sequential evaluation process considers:

> (1) whether the claimant is engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if so, whether the severe impairment meets or equals an impairment in the Listing of Impairments in the regulations; (4) if not, whether the claimant has the RFC to perform her past relevant work; and (5) if not, whether, in light of the claimant's RFC, age, education and work experience, there are other jobs the claimant can perform.

*Watkins v. Commissioner of Social Sec.*, 457 Fed. Appx. 868, 870 (11th Cir. Feb. 9, 2012)[3] (per curiam) (citing 20 C.F.R. §§ 404.1520(a)(4), (c)-(f), 416.920(a)(4), (c)-(f); *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004)) (footnote omitted). The claimant bears the burden, at the fourth step of proving that he is unable to perform his previous work. *Jones v. Bowen*, 810 F.2d 1001 (11th Cir. 1986). In evaluating whether the claimant has met this burden, the examiner must consider the following four factors: (1) objective medical facts and clinical findings; (2) diagnoses of examining physicians; (3) evidence of pain; and (4) the claimant's age, education, and work history. *Id.* at

---

[3] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir.R. 36-2.

1005. Although "a claimant bears the burden of demonstrating an inability to return to his past relevant work, the [Commissioner of Social Security] has an obligation to develop a full and fair record." *Schnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987) (citations omitted). If a plaintiff proves that he cannot do his past relevant work, as here, it then becomes the Commissioner's burden—at the fifth step—to prove that the plaintiff is capable—given his age, education, and work history—of engaging in another kind of substantial gainful employment that exists in the national economy. *Phillips, supra,* 357 F.3d at 1237; *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999), *cert. denied,* 529 U.S. 1089, 120 S.Ct. 1723, 146 L.Ed.2d 644 (2000); *Sryock v. Heckler*, 764 F.2d 834, 836 (11th Cir. 1985).

On appeal to this Court, Knapp asserts two reasons the Commissioner's decision to deny him benefits is in error (*i.e.,* not supported by substantial evidence): (1) the ALJ reversibly erred under SSR 00-4p in failing to identify and provide a reasonable explanation regarding the conflict between the occupational evidence provided by the vocational expert ("VE") and information in the Dictionary of Occupational Titles ("DOT"); and (2) the ALJ committed reversible error in violation of 20 C.F.R. § 404.1545 and SSR 96-8p in that the ALJ's RFC determination is not supported by substantial evidence. (*See* Doc. 11, PageID. 610). Because the Court agrees with Plaintiff's first assignment of error, there is no need to address Plaintiff's second assignment of error. *See Pendley v. Heckler,* 767 F.2d 1561, 1563 (11th Cir. 1985) ("Because the 'misuse of

the expert's testimony alone warrants a reversal,' we do not consider the appellant's other claims.").[4]

Knapp contends that the ALJ reversibly erred under SSR 00-4p in failing to identify and provide a reasonable explanation regarding a conflict between the occupational evidence/testimony provided by the VE and information contained in the DOT. Plaintiff points out that in response to a hypothetical question, which included a limitation to walking and standing 4 hours in a total 8-hour workday, that the VE testified that the hypothetical individual would be capable of performing the light jobs of museum attendant, DOT #109.367-010, tanning attendant, DOT #359.567-014, and usher, DOT #344.677-014. (*Compare* Doc. 11, PageID. 612 *with* Doc. 10, PageID. 88-89).  It is Plaintiff's contention that because all the jobs identified are performed at the light exertional level, that means they require the individual to be able to stand and walk a total of 6 hours in an 8-hour workday, thereby requiring an explanation from the ALJ (or VE) regarding how Plaintiff can perform those jobs given that Plaintiff can only stand and walk 4 hours in an 8-hour workday. (Doc. 11, PageID. 612). Plaintiff argues that the ALJ erroneously determined that the VE's testimony was consistent with the information in the DOT, when it obviously is not consistent, and that the opinion must be reversed due to the ALJ's failure to resolve the conflict(s) between the VE's testimony and the DOT. (*See id.,* PageID. 612-13).

A review of the hearing transcript reveals the following relevant testimony by the VE:

---

[4] Of course, on remand, Plaintiff's counsel can present any RFC determination concerns to the ALJ.

> Q    . . . Please assume a hypothetical individual of the Claimant's age and education and with the past jobs you described. Further, assume this individual is limited to a light exertional level with the additional limitations of standing or walking no more than four hours of the day; occasionally climbing ramps and stairs; occasionally balancing, stooping, kneeling, crouching, crawling; never climbing ladders, ropes, or scaffolds; never performing overhead reaching; occasionally performing lateral or in-front reaching; avoiding concentrated exposure to extreme temperatures, wetness, humidity; and avoiding all exposure to hazards like machinery and unprotected heights. With those limitations, can the hypothetical individual perform any of the past work?
>
> A    No, sir. This precludes all past work.
>
> Q    Can the hypothetical individual perform any other work in the national economy?
>
> A    There are only a very few number of jobs which can accommodate only occasional reaching with both upper extremities on all planes. Would you like examples?
>
> Q    Yes, please.
>
> A    Okay. Some examples at the light level of exertion, unskilled work, at an SVP level of 2 will include museum attendant; DOT code 109.367-010. There are more than 15,000 in the national economy. Also, tanning attendant; representative DOT code is 359.567-014. There are more than 5,000 in the national economy. Also, usher; representative DOT code is 344.677-014. There are more than 20,000 in the national economy.
>
>          .    .    .
>
> Q    And is your testimony today consistent with the DOT?
>
> A    Yes, sir, it is consistent. Any factors, such as independent use of the upper extremities and absence, that are simply not addressed by the DOT and the SCO are based on my training and experience.

(Doc. 10, PageID. 88-89 & 90). In the administrative decision, the ALJ determined, pursuant to SSR 00-4p, that the "vocational expert's testimony is consistent with the information contained in the Dictionary of Occupational Titles." (Doc. 10, PageID. 65). Based on the discussion that follows, this Court concludes that the Plaintiff is right and

8

that the ALJ had an affirmative obligation to investigate and resolve the apparent conflict between the DOT for each of the light jobs identified by the VE during the hearing and the hypothetical limitation to standing only four hours in an eight-hour workday.

As alluded to earlier, at Step 5 of the sequential evaluation process, the Commissioner of Social Security bears the burden of establishing that there are sufficient jobs in the national economy that the claimant can perform in light of his age, education, work experience, and RFC. *Winschel v. Commissioner of Social Sec.,* 631 F.3d 1176, 1178 (11th Cir. 2011). In other words, "the critical inquiry at step five is whether jobs exist in the national economy in significant numbers that the claimant could perform in spite of his impairments, and the ALJ can consider both jobs data drawn from the DOT as well as from the testimony of the VE in making this determination." *Washington v. Commissioner of Social Sec.,* 906 F.3d 1353, 1360 (11th Cir. 2018).

In *Washington, supra,* the Eleventh Circuit discussed the meaning of SSR 00-4p and determined that it "imposes a duty on ALJs to identify and resolve apparent conflicts between DOT data and VE testimony, and this duty is not fulfilled simply by taking the VE at his word that his testimony comports with the DOT when the record reveals an apparent conflict between the VE's testimony and the DOT." 906 F.3d at 1362; *see also id.* ("[A]s we see it, the ALJ has an affirmative obligation to identify any 'apparent' conflict and to resolve it. The failure to properly discharge this duty means the ALJ's decision is not supported by substantial evidence."). And the Court concluded that "SSR 00-4p is properly understood to impose an affirmative duty on the ALJs to identify

apparent conflicts, ask the VE about them, and explain how the conflict was resolved in the ALJ's final decision." *Id.* at 1365.

> The importance of the DOT, coupled with the robust nature of the ALJ's investigatory responsibilities, gives further meaning to the obligations imposed on the ALJ by the Ruling to identify, explain, and resolve "apparent conflicts." We add that, given the DOT's significance as a source of jobs data regularly relied on by the ALJ, it seems to us quite likely that the ALJs are familiar with and have ready access to it. This seems especially likely since the Social Security Administration requires the ALJs to take administrative notice of the DOT. Any apparent conflict, then, between the VE's testimony and DOT data is likely not something the ALJ will need much help in identifying. Nor does it seem consistent with the DOT's status as a primary source of jobs data that an ALJ could discharge his duty to gather the facts and develop arguments on both sides of a claim by simply taking a VE at his word that there is no conflict. An "apparent conflict" is thus more than just a conflict that is made apparent by the express testimony of the VE. It is a conflict that is reasonably ascertainable or evident from a review of the DOT and the VE's testimony. At a minimum, a conflict is apparent if a reasonable comparison of the DOT with the VE's testimony suggests that there is a discrepancy, even if, after further investigation, that turns out not to be the case. Since the ALJs frequently use the DOT, treat it as an authoritative source, and actively investigate the evidence for and against disability benefits, identifying these "apparent conflicts" falls within their wheelhouse.

*Id.*

In addressing the specific issue raised by Washington, the Court further explained that "'apparent' should be taken to mean apparent to an ALJ who has ready access to and close familiarity with the DOT. Put another way, if a conflict is reasonably ascertainable or evident, the ALJ is required to identify it, ask about it, and resolve it in his opinion. We take the work 'apparent' to mean 'seeming real or true, but not necessarily so.'" *Id.* at 1366 (citations omitted). As explained by another panel of judges in *Johnson v. Commissioner of Social Sec.,* 782 Fed.Appx. 875 (11th Cir. July 31, 2019), SSR 00-4p was interpreted in *Washington* "as focusing less on the outcome of

10

the ALJ's investigation into the conflict—*i.e,* whether or not the ALJ concludes there is an actual conflict between the VE's testimony and the DOT—than on ensuring that the ALJ investigates whenever the potential for a conflict clears this 'apparent' threshold." *Id.* at 878. In this case, comparing the VE's testimony with the DOT, this Court agrees with Knapp that this threshold was cleared.

The DOT describes the positions of museum attendant, tanning attendant, and usher as requiring light work and in the "details" of defining light work, these DOT descriptions effectively restate the definition of light work contained in the regulations. *Compare* DOT #s 109.367-010, 344.677-014 & 359.567-014 (4th ed. 1991) *with* 20 C.F.R. § 404.1567(b). Indeed, all three of the DOT descriptions state that the jobs require light work and may require "walking or standing to a significant degree." DOT #s 109.367-010, 344.677-014 & 359.567-014. And it simply cannot be gainsaid that "[l]ight work requires the individual to stand [and/or walk] for a period of six hours in an eight-hour workday." *Horne v. Commissioner of Social Sec.,* 2021 WL 3023679, *14 (M.D. Fla. June 28, 2021), *report and recommendation adopted,* 2021 WL 3022727 (M.D. Fla. July 16, 2021). Accordingly, it is clear to this Court that "walking or standing to a significant degree" as set forth in the DOT description of light work can mean nothing other than that light work requires standing and/or walking for six hours in an 8-hour workday, *see id.,* particularly since "significant" means "meaningful" and "important," *see* WEBSTER'S II New Riverside Dictionary, 1083 (1994).[5]

---

[5] The Defendant argues in her brief that 4 hours is "significant," but she cites no authority in support of that position (*see* Doc. 12, PageID. 624) and it is a position with which this Court disagrees.

At Knapp's hearing, the ALJ described a hypothetical individual to the VE who is "limited to a light exertional level with the additional limitations of standing or walking no more than four hours of the day[.]" (Doc. 10, PageID. 88).[6] The limitation on the hypothetical individual's ability to stand or walk was based on evidence in the record that Knapp's ability to perform the physical requirements of work was substantially impaired by back, neck, and knee pain (*see, e.g.,* Doc. 10, PageID. 149-50 & 153-55). The undersigned finds that there is at least "apparently" a conflict between an individual limited to standing or walking 4 hours in a "day" and one able to perform standing or walking "to a significant degree," as it has been uniformly recognized that light work requires standing or walking for 6 hours in an 8-hour workday. Stated somewhat differently, this Court agrees with the *Horne* court that because there is an apparent conflict between the DOT descriptions for each of the three jobs at issue here and the

---

[6] And here is another problem that the undersigned has with the ALJ's hypothetical and the VE's testimony (which finds its way into the ALJ's RFC determination as well—*see* Doc. 10, PageID. 59), to the extent Defendant maintains that 4 hours of standing or walking obviously constitutes a "significant degree" and there is no conflict between the DOT and the VE's testimony, such that the ALJ's fifth-step determination should be affirmed. The ALJ's RFC determination contains not any mention of the number of hours Plaintiff can sit in an 8-hour workday and, taking Defendant's position to heart, nothing in the definition of light work in the Commissioner's regulations, *see* 20 C.F.R. § 404.1567(b), or in the DOT's description of the foregoing jobs, "speaks" to the "sitting" required (or allowable) in light work in hour "terms," or in these three jobs in particular. Therefore, the only "things" this Court knows for "sure" from the ALJ's hypothetical is that the individual can lift "no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds[,]" (*compare* Doc. 10, PageID. 88 *with* 20 C.F.R. § 404.1567(b)) and that the individual can stand or walk for 4 hours in an 8-hour workday (Doc. 10, PageID. 88; *see also id.,* PageID. 59). In other words, a full 8-hour workday simply is not "accounted" for in the ALJ's hypothetical to the VE (or in the ALJ's RFC determination, for that matter), such that the VE's testimony does not amount to substantial evidence upon which the Commissioner can rely to satisfy her fifth-step burden. Accordingly, even if this Court is "off base" on its "apparent conflict" analysis, remand remains the only option in this case because the Defendant cannot consistently argue that there is no conflict but, on the other hand, maintain that sitting for at least 4 hours a day is "implicit" in both the ALJ's RFC determination and in the hypothetical posed to the VE.

VE's testimony, which is based on the limitation that the hypothetical individual can stand or walk only four hours of an 8-hour workday, "the ALJ was under a duty to resolve the apparent conflict under the manner prescribed in *Washington*." *Horne, supra,* at *14, citing *Washington, supra,* 906 F.3d at 1356. And since the ALJ in this case clearly did not investigate and resolve this apparent conflict (*compare* Doc. 10, PageID. 88-90 *with id.,* PageID. 65), the ALJ's fifth-step determination/decision is not supported by substantial evidence and remand on this ground is required. *See Washington, supra,* 906 F.3d at 1362 & 1366-67.

## **CONCLUSION**

It is **ORDERED** that the decision of the Commissioner of Social Security denying Plaintiff a period of disability and disability insurance benefits be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g), *see Melkonyan v. Sullivan*, 501 U.S. 89, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991), for further proceedings not inconsistent with this decision. The remand pursuant to sentence four of § 405(g) makes the Plaintiff a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412, *Shalala v. Schaefer*, 509 U.S. 292, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993), and terminates this Court's jurisdiction over this matter.

**DONE** and **ORDERED** this the 4th day of April, 2022.

s/P. Bradley Murray  
**UNITED STATES MAGISTRATE JUDGE**